## *In re* LLOYD, Bankrupt.

*(District Court, W. D. Pennsylvania. September 3, 1884.)*

BANKRUPTCY—PARTNERSHIP—INDIVIDUAL CREDITORS.

    The general rule everywhere now is that when all the partners are in bankruptcy, the separate estate of one partner shall not claim against the joint estate of the partnership in competition with the joint creditors, nor the joint estate against the separate estate in competition with the separate creditors.

In Bankruptcy. *Sur* proof by Lloyd, Huff & Watt against the estate of Wm. M. Lloyd.

*Geo. M. Reade*, for bankrupt's assignee, excepting.

*W. H. Klingensmith*, for assignee of Lloyd, Huff & Watt, creditors.

ACHESON, J. Lloyd, Huff & Watt, by their assignee in bankruptcy, Jesse Chambers, tender proof of debt against the separate estate in

bankruptcy of Wm. M. Lloyd, one of the members of said firm. His assignee in bankruptcy, J. W. Curry, and his separate creditors, resist the proof. Wm. M. Lloyd was adjudged a bankrupt upon the petition of his creditors, and the firm of Lloyd, Huff & Watt upon the petition of W. H. Watt, one of its members. The said firm, composed of Wm. M. Lloyd, George J. Huff, and W. H. Watt, did a general banking business at Latrobe, Pennsylvania. Wm. M. Lloyd did a separate and distinct banking business at Altoona, Pennsylvania, under the style of Wm. M. Lloyd & Co., and at Ebensburg, Pennsylvania, under the style of Lloyd & Co., but he had no partner at either of these places. There were business dealings and accounts between Wm. M. Lloyd, as a banker at Altoona, and the said firm of Lloyd, Huff & Watt. The proof of debt in question consists of three items thereof only. No settlement has been had between the members of said firm, nor any general settlement between the firm and Wm. M. Lloyd. The separate estate of Wm. M. Lloyd is altogether insufficient to pay his separate debts proved in bankruptcy, and the evidence indicates that his individual creditors will receive a much smaller per centage than the firm creditors will out of the partnership assets.

The question involved here is not new, nor, under the authorities, doubtful. The general rule everywhere now is that, when all the partners are in bankruptcy, the separate estate of one partner shall not claim against the joint estate of the partnership in competition with the joint creditors, nor the joint estate against the separate estate in competition with the separate creditors. Coll. Partn. § 990, (5th Amer. Ed.;) Blum. Bankr. 268; *In re Lane*, 10 N. B. R. 135. The English doctrine is this : that proof cannot be made by the joint estate against the separate estate except in case of a fraudulent abstraction from the joint funds by one of the partners; and not then, if there has been any waiver of the tortious act by the other partner so as to reduce it to a matter of contract. *Ex parte Turner*, 4 Dea. & Ch. 169; *Ex parte Harris*, 2 Ves. & B. 210. This is the prevailing rule in the United States, and, under the bankrupt law of 1867, it has been repeatedly adjudged that where the debt by one partner to a bankrupt firm has been incurred by the consent or privity of the other partner, proof of the joint creditors against the separate estate, in competition with the separate creditors, will not be admitted in a court of bankruptcy. *In re McEwen*, 12 N. B. R. 11; *In re McLean*, 15 N. B. R. 333; *In re May*, 19 N. B. R. 101.

Now it is not pretended that the present case is one of fraudulent abstraction within the above-stated exception, and nothing appears to take the case out of the general rule. In admitting the proof of Lloyd, Huff & Watt, the register acted upon a mistaken view of section 5074 of the Revised Statutes. That section does not relate at all to the claims of partners *inter se*, but altogether to proof, where the bankrupt is liable to a third person upon distinct contracts as a

member of two or more distinct firms, or as a sole trader, and also as a member of a firm.

And now, September 3, 1884, the exceptions to the register's report upon the proof of Lloyd, Huff & Watt are sustained; and it is ordered, adjudged, and decreed that said proof be disallowed and expunged.